UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH HIGHTOWER,

                              Plaintiff,

            v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.[1]

**DECISION AND ORDER**
**No. 12-CV-6475T**

---

## INTRODUCTION

Kenneth Hightower ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") John P. Costello was not supported by substantial evidence in the record and was based on erroneous legal standards.

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("F.R.C.P."). For the reasons set forth below, this Court finds that the Appeals Council erred in denying review of the ALJ's determination without explaining why additional evidence submitted by Plaintiff to the Appeals Council was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should, therefore, be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 45 U.S.C. § 405(g).

rejected. Thus, the Commissioner's motion for judgment on the pleadings is denied, and Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded to the Commissioner for further proceedings consistent with this decision.

## PROCEDURAL HISTORY

On April 30, 2009, Plaintiff filed for SSI benefits, alleging disability since June 1, 2006. Administrative Transcript ("Tr.") 68-83. On December 9, 2009, his application was denied. Tr. 40-43. At Plaintiff's request, an administrative hearing was held on June 7, 2011 before ALJ Costello in Rochester, New York. Tr. 358-401. Plaintiff, who was represented by attorney Kelly Laga, Esq., testified at the hearing.

On July 22, 2011, the ALJ denied Plaintiff's claim. Tr. 15-22. He found that Plaintiff had not been under a disability within the meaning of the Social Security Act since the application date.

On July 13, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-8. This action followed.

## FACTUAL BACKGROUND

Plaintiff was born on March 23, 1963, and was 46-years-old at the time of filing. Tr. 21, 363. He completed the tenth grade and received a vocational certificate. Tr. 364. Plaintiff's past relevant work includes laying bricks, driving a tractor in an orchard, and as a short-order cook. Tr. 20-21, 365-71.

In Plaintiff's application for SSI benefits, he claimed that his disability was due to ear, kidney, leg, and feet problems. Tr. 68-83, 110. At the hearing before the ALJ, Plaintiff testified that he had feet and back pain. Tr. 371. He testified that sometimes his feet were too swollen to put his shoes on and that he has difficulty walking. He reported that pain medication does not help him and that he uses a cane for assistance in walking. Tr. 372-74. Plaintiff also testified that his blood pressure was well-controlled when he took his medication, and that he had some difficulty urinating since his kidney surgery. Tr. 381.

## DISCUSSION

### I. Jurisdiction and Scope of Review

Title 42 U.S.C., Section 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976). When considering such a claim, the section directs the Court to accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-CV-2019, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). The Court's scope of review is thus limited to determining whether the

Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner employed the proper legal standards in evaluating Plaintiff's claim. Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983)(stating that a reviewing court does not try a Social Security benefits case *de novo*). The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983)(citing Simmons v. Harris, 602 F.2d 1233, 1236 (5th Cir. 1979)).

Judgment on the pleadings pursuant to F.R.C.P. 12(c) may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). If, after reviewing the record, the Court is convinced that Plaintiff has not set forth a plausible claim for relief, judgment on the pleadings may be appropriate. See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-70 (2007).

## II. **The Commissioner's Decision to Deny Benefits is not Supported by Substantial Evidence in the Record.**

In his decision denying benefits, the ALJ followed the required five-step analysis established by the Social Security Administration for evaluating disability claims.[2] Tr. 12-22. At

---

[2]

The five-step analysis requires the ALJ to consider the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment which significantly limits his or her physical or mental ability to do basic work activities; (3) if the claimant suffers a severe impairment, the ALJ considers whether the claimant has an impairment which is listed in Appendix 1, Subpart P, Regulation No.4, if so, the claimant is presumed

step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At steps two and three, the ALJ concluded that Plaintiff had the following severe impairments: back pain, plantar fasciitis, and status post kidney tumor removal. He found, however, that none of Plaintiff's severe impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). The ALJ also noted that Plaintiff had hypertension, but that it was a non-severe impairment resulting in no more than minimal limitations in Plaintiff's ability to perform basic work activities.

At step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work[3] except that he must change position every hour. Tr. 17-20. He also found

---

disabled; (4) if not, the ALJ considers whether the impairment prevents the claimant from doing past relevant work; (5) if the claimant's impairments prevent him or her from doing past relevant work, if other work exists in significant numbers in the national economy that accommodate the claimant's residual functional capacity and vocational factors, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).

[3]

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416967(b) (2013).

that Plaintiff could not perform his past relevant work.  At step five, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (20 C.F.R. §§ 416.969 and 416.969(a)).  Tr. 21-22.  Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff requested review of the ALJ's decision by the Appeals Council, and he submitted additional evidence for its consideration.  Tr. 5-8, 313-56.  The Appeals Council found that this evidence did not provide a basis for changing the ALJ's decision.  This Court finds that the Appeals Council failed to explain why it rejected the additional evidence and, therefore, Plaintiff's claim must be remanded to the Commissioner for the reasons stated herein.

### A. The Appeals Council Erred in Denying Review of the ALJ's Decision Without Explaining Why the Additional Evidence Submitted by Plaintiff was Rejected.

The Commissioner's decision to deny benefits does not become final until the Appeals Council either renders its decision or denies review of the ALJ's decision, thereby making the Appeals Council's decision the final decision for review by this Court. See 20 C.F.R. § 416.1481; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996).  In making its determination, the Appeals Council must review all the evidence in the administrative record and any additional evidence received.  See 20 C.F.R. § 416.1479.  Social

Security regulations allow a claimant to submit additional evidence to the Appeals Council in support of the Request for Review. See 20 C.F.R. §§ 416.1470(b) and 416.1476(b)(1). The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision. See id. Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff. Cf. Brown v. Apfel, 174 F.3d 59, 64-65 (2d Cir. 1999)(considering evidence of symptoms that occurred six months after the ALJ's decision, but that related to a previously complained of condition). If the evidence does not relate to the relevant time period, the Appeals Council must return the evidence to the claimant, issue an explanation why it was not accepted, and advise the claimant of the right to file a new application. 20 C.F.R. § 416.1476(b)(1). Additional evidence accepted by the Appeals Council becomes part of the administrative record and should be considered by a reviewing court. See Perez, 77 F.3d at 45.

Here, the Appeals Council accepted treatment notes from Unity Health System (dated November 3, 2011, to March 22, 2012) as part of the record. Tr. 8, 313-53. The treatment notes were completed by Licensed Medical Social Worker ("LMSW") Erin Carlson, who saw Plaintiff for his "depressed mood." Tr. 314. LMSW Carlson diagnosed Plaintiff with: (1) Post-Traumatic Stress Disorder

-7-

("PTSD"); (2) Anxiety Disorder Not Otherwise Specified; (3) Major Depressive Disorder, recurrent, severe without psychotic features; and (4) Antisocial Personality Disorder. Plaintiff's symptoms included forgetfulness, poor sleep hygiene, lack of appetite, panicky feelings, nightmares, and visual triggers that caused anxiety and panic. Id. Plaintiff argues that, because the ALJ did not have evidence of his mental impairments, the "additional evidence submitted to the Appeals Council renders the ALJ's step two determination contrary to the weight of the evidence." Pl.'s Mem. at 7-9.

In denying consideration of the additional evidence submitted to the Appeals Council, the notice of the Appeals Council action stated that "[it] considered the reasons you disagree with the decision and the additional evidence... [and] [it] found that this information does not provide a basis for changing the [ALJ]'s decision." Tr. 5-6. However, nowhere does the Appeals Council mention that the evidence was rejected because it did not relate to the relevant period. Since the evidence was accepted and entered into the record, the Appeals Council apparently determined that the evidence was new, material, and related to the relevant time-period. Thus, it was compliant with the regulations. See 20 C.F.R. §§ 416.1470(b) and 416.1476(b)(1).

A reviewing court must consider the substantiality of the ALJ's decision in light of the evidence that was considered by the ALJ plus the additional evidence accepted by the Appeals Council.

See Perez, 77 F.3d at 45. If the additional evidence is consistent with the ALJ's findings, then the decision should be affirmed. See id. at 47. If the additional evidence undermines the ALJ's decision, then the case should be reversed or remanded. See Brown, 174 F.3d at 60, 65 (stating that conflicting evidence may indicate that the claimant's limitations were not sufficiently documented or worsened over time).

Here, the additional evidence accepted by the Appeals Council undermines the ALJ's decision. The ALJ found at step two that Plaintiff had the severe impairments of back pain, plantar fasciitis, and status post kidney tumor removal, and found that these impairments did not meet or medically equal one of the listed impairments. Tr. 17. In light of the additional evidence Plaintiff provided regarding alleged mental impairments, the ALJ's decision, absent that additional evidence, is incomplete. Plaintiff's claim should be reevaluated considering all the evidence relevant to determining his disability. Because this Court finds that the Appeals Council erred by summarily rejecting the evidence of Plaintiff's mental impairments, this matter must be remanded to the Commissioner for further proceedings consistent with this decision.

## CONCLUSION

For the reasons stated, this Court finds that the Commissioner's denial of SSI benefits to Plaintiff contained errors of law. Accordingly, this Court denies the Commissioner's motion

for judgment on the pleadings.  Plaintiff's claim is remanded to the Commissioner for further proceedings consistent with this decision.

**ALL OF THE ABOVE IS SO ORDERED.**

                        **S/Michael A. Telesca**

                        _____
                        HONORABLE MICHAEL A. TELESCA
                        United States District Judge

DATED:    July 18, 2013
           Rochester, New York